UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERNAN ANTONIO SANTOS PREZA,

Petitioner,

v. Case No.: 2:26-cv-02802-SPC-KRH

DAVID HARDIN *et al.*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court is Hernan Antonio Santos Preza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Santos Preza's reply (Doc. 7).

Santos Preza is a native and citizen of El Salvador who entered the United States as an unaccompanied minor in 2017. Immigration officials detained him for about 15 days before releasing him to the custody of his uncle under an order of release on recognizance (ORR). Santos Preza has complied with all terms of release, he has applied for asylum and attended all immigration appointments, and he has no criminal record. On August 14, 2026, local police conducted a traffic stop and cited Santos Preza for driving on a suspended license and failing to slow down or move over for an emergency vehicle.

The parties dispute what happened next. Santos Preza alleges police told him he could not drive further and instructed him to call someone with a valid license to pick him up. While he was making calls, Immigration and Customs Enforcement (ICE) officers arrived, pulled him out of the vehicle, handcuffed him, and arrested him without explanation. The government claims local police arrested Santos Preza for traffic crimes and handed him over to ICE. The evidence supports Santos Preza's version of the story. The traffic citations instruct Santos Preza to appear at the Clearwater traffic court within 30 days to pay fines, and the government's Form I-213 states that five ICE deportation officers arrived at the scene, questioned Santos Preza about his immigration status, and arrested him. The Court finds that ICE arrested Santos Preza because of his immigration status. The government's claim that local police arrested him for traffic crimes is demonstrably false.[1]

Santos Preza asserts two claims in his habeas petition. The first challenges the results of a September 1, 2026 bond hearing. The second argues his warrantless arrest and detention without notice or an explanation violates the Due Process Clause of the Fifth Amendment and applicable federal regulations. Santos Preza requests release from custody or, alternatively, an individualized bond hearing. In response, the government argues the petition

[1] The Court reminds counsel of his obligations under Federal Rule of Civil Procedure 11.

is moot because Santos Preza already received a bond hearing. Not so. Santos Preza remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

The government also points to a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). The Court agrees that § 1226(e) bars Santos Preza's first ground, which challenges the bond denial. But the second ground presents a separate, bona fide due process claim, and the Court must address it.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The

Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Santos Preza the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the

respondent may be arrested and taken into custody *under the authority of Form I–200, Warrant of Arrest*." (emphasis added).[2]

The government violated Santos Preza's right to due process by arresting and detaining him without a warrant. Rather than explaining or defending the warrantless arrest, the government claims local police arrested Santos Preza for traffic crimes. As explained above, the government's own evidence proves its claim false. In sum, Santos Preza made a prima facie showing that the government violated his constitutional right to due process, and the government failed to rebut it.

Accordingly, it is hereby

**ORDERED**:

Hernan Antonio Santos Preza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Santos Preza within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

[2] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record